MARK YABLONOVICH (SBN 186670)
   myablonovich@initiativelegal.com
MARC PRIMO (SBN 216796)
   mprimo@initiativelegal.com
JOSEPH CHO (SBN 198844)
   jcho@initiativelegal.com
GREGORY YU (SBN 230520)
   gyu@initiativelegal.com
INITIATIVE LEGAL GROUP LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff KEEGAN WEBSTER
and for Class Members

**MADE JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEEGAN WEBSTER, individually, and on behalf of other members of the general public similarly situated,<br><br>      Plaintiffs,<br><br>   vs.<br><br>SPRINT PCS, INC., a Virginia corporation; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.: CV 06-4623 GW (FMOx)<br><br>Assigned to Hon. George H. Wu<br><br>CLASS ACTION<br><br>**AMENDED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVE ENHANCEMENT**<br><br>Date:     June 12, 2008<br>Time:    8:30 a.m.<br>Place:    Courtroom 10 |

On January 28, 2008, at 8:30 a.m., March 27, 2008, at 8:30 a.m., and June 12, 2008, at 8:30 a.m., the Court heard the following motions in the above-captioned matter (the "Lawsuit"):  (1) the Motion for Final Approval of Class Action Settlement; and (2) the Motion for Award of Attorneys' Fees, Litigation Expenses and Class Representative Enhancement.  After reviewing the written submissions, including the supplemental briefings, and after hearing arguments of counsel, the Court finds and orders as follows:

1. All terms used in this order ("Final Order") shall have the same meaning as defined in the Parties' Joint Stipulation of Settlement and Release ("Settlement Agreement"), a copy of which is attached hereto as Exhibit A.

2. This Court has jurisdiction over the subject matter of the Lawsuit and over all Parties, including all Class Members.

3. Pursuant to the Court's "Order Granting Preliminary Approval of Class Action Settlement," dated July 6, 2007 ("Preliminary Approval Order"), the Court preliminarily certified the following class for settlement purposes (the "Class"):

> All persons employed by Sprint United Management Company who held "non-exempt" hourly paid sales positions in retail sales locations in the State of California at any time from August 1, 2004 through the date of preliminary approval of the settlement, excluding any person who signed a release and waiver of claims in connection with a reduction in force.

The Class is now finally and conclusively certified for settlement purposes.

4. The Parties had a notice packet mailed to all Class Members.  The notice packet adequately informed the Class of:  (1) the pendency of the proposed class action Settlement; (2) all material terms of the proposed Settlement Agreement; (3) the hearing date for final approval of the Settlement Agreement; and (4) the opportunity to be excluded from the proposed Class or otherwise object to

1

AMENDED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVE ENHANCEMENT
501912431

1 the proposed Settlement Agreement.  Caryn Donly, of Rust Consulting, Inc., the
2 Claims Administrator, filed a declaration with the Court concerning the
3 dissemination of the notice packet and the status of claims and objections.  Ms.
4 Donly's declaration demonstrates that the Parties have complied this Court's orders
5 in regard to providing notice of the Settlement to the Class and preliminary approval
6 of the Settlement Agreement, and that the best notice practicable and possible under
7 the circumstances was in fact given and constituted valid, due, and sufficient notice
8 to Class Members, complying fully with all applicable statutes and laws.

9      5. One class member, Brian T. Gardner, represented by Pearson, Simon,
10 Soter, Warshaw & Penny, LLP, objected to the settlement.  Mr. Gardner is the
11 named class plaintiff in *Gardner v. Sprint United Management Co., et al.*, CV 07-
12 06352 R (PJWx), currently pending in the United States District Court, Central
13 District of California (the "*Gardner* Litigation").  Mr. Gardner's principle objection
14 concerned the scope of the Release contained in the Parties' Settlement Agreement.
15 While the Court expressed an opinion on whether the Release contained in the
16 Settlement Agreement will bar Mr. Gardner's claims for Breach of Contract for
17 Failure to Pay Commissions and Failure to Pay Timely Commissions, it declines to
18 rule on this issue and defers the matter to the court in which the *Gardner* Litigation
19 will be heard.  Stated differently, the Court has not made any ruling or issued any
20 order which precludes Sprint from arguing in the *Gardner* Litigation that the
21 Release in the Settlement Agreement bars all claims asserted in the *Gardner*
22 Litigation.  The Court has also not ruled on any issue of claim or issue preclusion.

23      6. The Court finds that the Settlement Agreement was the product of
24 protracted, arms-length negotiations between experienced counsel, assisted by a
25 respected mediator.  The Court finds that the Settlement Agreement is fair,
26 reasonable, adequate, and in the best interests of the Class and hereby grants final
27 approval to the Settlement Agreement.  In so doing, the Court has thoroughly
28 analyzed the legal standards governing class action settlements and certification and

considered such factors as: the strength of the Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the Class Members to the proposed Settlement Agreement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Plaintiffs and Sprint are ordered to carry out the terms of the Settlement Agreement.

7. Sprint shall pay the claims presented through the claims procedure described in the Settlement Agreement. Sprint shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided below and in the Settlement Agreement.

8. The Court approves the fees and costs incurred by the claims administrator, Rust Consulting, Inc., in the amount of $66,918.70, in connection with claims administration process, finding that they are fair and reasonable. The additional fees and costs in the amount $3,868.75 incurred by Rust Consulting, Inc. in connection with the mailing of the second notice packet to Class Members shall be paid by Sprint, not from the Settlement fund.

9. The Class is bound by the release and waiver set forth in Paragraphs 19 through 21 of the Settlement Agreement, and this Final Order, which Final Order shall have the force and effect of *res judicata* as to them.

10. The end of the release period is December 24, 2007, pursuant to the Stipulation Regarding Clarification of the Release Period Relating to the Joint Stipulation of Settlement and Release, filed on February 28, 2008.

11. The Court references the Stipulation Regarding Clarification of the Factual Bases for the Litigation, filed on March 12, 2008.

12. The Settlement Agreement is neither an admission by Sprint nor is this Final Order a finding of the validity of any claims in the Lawsuit or any wrongdoing by Sprint. In addition, the Settlement Agreement is neither an admission nor is this

Final Order a finding that the certification of the Class is proper for any purpose or proceeding other than for settlement purposes in the present case. Furthermore, neither the Settlement Agreement nor any document, statement, proceeding or conduct related to the settlement or the Settlement Agreement, nor any reports or accounting of those matters, will be: (1) construed as offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Sprint, including, but not limited to, evidence of a presumption, concession, indication or admission by Sprint of any liability, fault, wrongdoing, omission, concession or damage; or (2) disclosed, referred to or offered in evidence against Sprint, in any further proceeding in the Lawsuit, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement Agreement. However, the Settlement Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Settlement Agreement, or in defense of any claims released or barred by the Settlement Agreement.

13.   Concurrently with the Motion for Final Approval of the Settlement Agreement, Plaintiff filed a Motion for Attorneys' Fees, Litigation Expenses and Class Representative Enhancement, requesting an award of attorneys' fees and costs and an enhancement payment to the Class Representative, Plaintiff Keegan Webster. The Court finds that Class Counsel have skillfully advanced novel and untested legal theories on a contingent-fee basis, and their efforts resulted in a substantial recovery for the Class. The Court also finds that the proposed enhancement payment to Plaintiff Keegan Webster in the amount of $12,500.00 is reasonable in light of the services she performed on behalf of the Class and the risks she undertook in bringing the Lawsuit. The Court further notes that no Class Member has objected to the proposed award of attorney's fees, litigation expenses, and enhancement payments. Accordingly, the Court grants an award of attorneys' fees and litigation expenses in the total amount of $1,687,500.00, and a class

representative enhancement to Plaintiff Keegan Webster in the total amount of $12,500.00.

14. The claims alleged in the Complaint are hereby dismissed with prejudice. However, and without affecting the finality of this Final Order in any way, this Court retains continuing jurisdiction over the administration and implementation of the terms of the Settlement Agreement.

IT IS SO ORDERED:

DATED: July 11, 2008

                                      HON. GEORGE H. WU
                                      U.S. DISTRICT JUDGE